# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1477-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH HAYWOOD
HARRIS, JR., a/k/a
KENNETH H. HARRIS,

     Defendant-Appellant.

_____

Submitted June 15, 2026 – Decided July 8, 2026

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment Nos. 92-01-0061 and 00-05-0381.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Haywood Harris, Jr. appeals from the October 8, 2024 denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

In 1992, a Burlington County grand jury indicted defendant for second-degree sexual assault, N.J.S.A. 2C:14-2(b). In 1993, defendant pleaded guilty to an amended charge of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4. The plea agreement called for a four-year sentence with no parole disqualifier. In October 1993, the court sentenced defendant in accordance with the agreement.

Defendant was released from prison in 1996. By that time, Megan's Law, N.J.S.A. 2C:7-1 to -23, had been enacted and required registration of certain sex offenders. Defendant signed a notification of registration on May 7, 1996, acknowledging his obligations under Megan's Law.

In May 2000, a Burlington County grand jury indicted defendant for fourth-degree failure to register as a sex offender, N.J.S.A. 2C:7-2(a). Defendant pleaded guilty to that charge on February 27, 2004, and was

A-1477-24

sentenced to one year of probation, which was to be transferred to Pennsylvania, where he resided.

Defendant did not appeal either conviction or sentence. On September 21, 2023, he filed a self-represented PCR petition. Assigned counsel filed an amended verified petition and brief. On September 26, 2024, Judge Gerard H. Breland heard oral argument. On October 4, 2024, Judge Breland denied the petition, finding it time-barred and unsupported by excusable neglect or a showing of fundamental injustice.

Defendant sets forth two arguments on appeal:

POINT I

NO PROCEDURAL TIME BAR SHOULD BE APPLIED.

POINT II

PLEA COUNSEL IN BOTH GUILTY PLEA PROCEEDINGS WERE INEFFECTIVE. (Not Addressed by Court Below).

II.

We review the denial of a PCR petition without an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 421 (2004). A defendant is entitled to an evidentiary hearing only if he establishes a prima facie case for relief, there are material issues of fact that cannot be resolved on the record, and the court

3

determines that a hearing is necessary. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013).

A PCR petition must be filed within five years of the entry of the judgment of conviction. R. 3:22-12(a)(1). The time bar may be relaxed only upon a showing of excusable neglect and a reasonable probability that enforcement of the bar would result in a fundamental injustice. State v. Goodwin, 173 N.J. 583, 594 (2002); State v. Murray, 162 N.J. 240, 246 (2000). Ignorance of the law, confusion, or lack of legal sophistication does not constitute excusable neglect. Murray, 162 N.J. at 246; State v. Dillard, 208 N.J. Super. 722, 728 (App. Div. 1986).

To establish ineffective assistance of counsel, a defendant must show counsel's performance was deficient and that, but for the deficiency, there is a reasonable probability the result would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). A defendant must show that his or her attorney failed to provide advice that "was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). There is a strong presumption that counsel rendered adequate assistance. Strickland, 466 U.S. at 689.

A-1477-24

Defendant argues Judge Breland erred in applying the five-year time bar under Rule 3:22-12(a)(1) and that his claims of ineffective assistance of counsel warranted an evidentiary hearing. Defendant asserts that counsel in connection with both pleas failed to adequately advise him of the registration requirements, and that, as a result, he remained unaware of his obligation to register for more than a decade. He further argues that confusion regarding the length and specifics of his registration requirements, along with his attempts to comply from Pennsylvania, constitutes excusable neglect and a fundamental injustice that warrant relaxing the time bar.

We discern no basis to disturb Judge Breland's ruling. Defendant's convictions became final in 1993 and 2004, respectively. He did not file for post-conviction relief until 2023, well beyond the five-year time bar. Defendant's claim he was unaware of his obligations under Megan's Law is belied by the record. He signed a notification of registration in 1996 acknowledging his duty to register. He was prosecuted for failure to register in 2000 and pleaded guilty in 2004. Notwithstanding these proceedings, defendant took no action to challenge his convictions or registration obligations for nearly two decades.

A-1477-24

Defendant's assertion that he was confused about the law or his obligations does not constitute excusable neglect. As the State argued, "it does not fall within the spectrum of credulity that the defendant could believe that in 1993 . . . a lawyer would have to inform him of a law that had not been enacted." Megan's Law was enacted in 1994, after defendant's conviction, but before his release from prison. Our Supreme Court has held that Megan's Law applies to offenders who were incarcerated at the time of its enactment. Doe v. Poritz, 142 N.J. 1, 75 (1995). Defendant's obligations arose by operation of law and were not attributable to any deficiency in counsel's advice. In this regard, we note that the judgment of conviction memorializing the terms of defendant's 2004 conviction provided, "[p]robation to terminate when defendant verifies registration in Pennsylvania." Defendant thus had explicit notice of his obligation to register under Megan's Law.

Moreover, defendant has not demonstrated a reasonable probability of a fundamental injustice. He has not shown that, but for counsel's alleged errors, he would not have pleaded guilty or that the outcome would have been different. The record contains no evidence that counsel's performance was deficient or that defendant was prejudiced. To the contrary, in light of the enormous passage of

6

time, the State would be substantially prejudiced were defendant's plea vacated and the matter restored to the trial calendar for prosecution.

Finally, we are satisfied that Judge Breland did not err in finding defendant failed to establish a prima facie case of ineffective assistance of counsel warranting an evidentiary hearing. His claims are unsupported by affidavits, certifications, or other competent evidence. They are, at best, bald assertions insufficient to warrant further proceedings. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hasley

Clerk of the Appellate Division

7

A-1477-24